# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| THOMAS MARSHALL, | * |
| Plaintiff, | * |
| v. | * CV 114-138 |
| TIFFANY ANN PENLAND, | * |
| Defendant. | * |

# O R D E R

Before the Court is Defendant's motion for summary judgment. (Doc. no. 11.) For the reasons stated herein, the motion is **GRANTED**.

## I. BACKGROUND

This diversity suit arises out of a collision between an automobile and a bicycle in Augusta, Georgia.

### A. The Intersection of 13th Street and D'Antignac Street

At approximately 8:00 a.m. on November 3, 2012, Defendant, a resident of South Carolina, drove her car out of the University Hospital parking deck in Augusta, Georgia, then turned left onto 13th Street. (Def. Dep. at 31.) That portion of 13th Street has two northbound lanes, two southbound lanes, and a speed limit of thirty-five miles per hour. (Id.) As Defendant turned left out of the parking deck and onto 13th

Street, she entered the right, northbound lane. (Id.) Weather conditions were clear and the road surface was dry. (Id.; King Decl. ¶ 7.) The parking deck is located one block south of the intersection of 13th Street and D'Antignac Street. (Id.) At that intersection, traffic on 13th Street has the right of way and proceeds under a flashing yellow light. (King Decl. ¶ 8.) Traffic on D'Antignac Street is required to come to a stop pursuant to a flashing red light and a stop sign before crossing the intersection, thus yielding the right of way to thru-traffic on 13th Street. (Id.; see Id., Exs. 1 & 2.)

Defendant approached the intersection at a lawful speed, was not using her telephone nor was she otherwise distracted. (Def. Dep. at 34.) She then saw Plaintiff standing on the sidewalk straddling a bicycle near the curb on the far side of the intersection. (Id. at 35.) She slowed her vehicle and entered the intersection. (Id.) Plaintiff then left the sidewalk, entered Defendant's lane, and attempted to cross the street. (Id.; King Decl. ¶ 10.) Although he was near the intersection, he was not in or near a crosswalk when he proceeded without a helmet into the right of way of oncoming traffic. (King Decl. ¶ 10.)

**B. Whether Plaintiff Was Walking or Riding a Bicycle**

Plaintiff has been inconsistent on whether he was walking across the street, pushing his bicycle across the street, or

riding his bicycle across the street. His medical records show that he informed emergency personnel and medical staff numerous times after the accident that he was riding his bicycle when Defendant's vehicle struck him. (Doc. no. 11-5.) However, Plaintiff alleges in his complaint that he was a pedestrian, asserts in discovery responses that he was attempting to walk his bicycle across the street, and testifies in his deposition that he recalls only standing on the sidewalk then waking up in a hospital recovery room later that day. (Compl. ¶ 4; doc. no. 11-4; Pl. Dep. at 26, 30.) In response to Defendant's motion for summary judgment, Plaintiff acknowledges that he has no recollection of the events surrounding the collision and concedes that he was riding his bicycle across 13th Street. (Doc. no. 13.)

Defendant's position on this factual issue has been the same from the outset and is consistent with other evidence. In her deposition, she testifies that she saw Plaintiff straddling his bicycle on the sidewalk as she approached, then saw him ride his bicycle from the sidewalk into the street. (Def. Dep. at 39.) Corporal Thomas King from the Richmond County Sheriff's Office, who responded to the accident, concluded that Plaintiff was attempting to ride his bicycle westward across 13th Street. (King Decl. ¶ 5.)

### C. The Collision

Defendant swerved from the right outside lane to the left inside lane to avoid hitting Plaintiff, but nonetheless struck and injured him. (Id.) Corporal King determined that Plaintiff was at fault for failure to yield the right of way to Defendant's vehicle and is unaware of any actions or omissions by Defendant which were contributing factors to the accident. (Id. ¶ 11 & Ex. 3.) Other than Plaintiff and Defendant, Corporal King was unable to locate any witnesses. (Id. ¶ 9.) Plaintiff, a seventy-eight year old male resident of Georgia, incurred approximately $88,000.00 in medical expenses as a result of the collision. (Compl. ¶¶ 4-6.)

### D. Procedural History

On April 29, 2014, Plaintiff filed a tort claim against Defendant in the state court of Richmond County, Georgia. On June 20, 2014, Defendant removed the action to this Court, then filed a motion for summary judgment on December 12, 2014. (Doc. no. 11.)

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

4

56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor." U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc)(internal punctuation and citations omitted).

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). When the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways — by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991). Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a

matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997)(per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark, 929 F.2d at 608.

If — and only if — the movant carries its initial burden, the non-movant may avoid summary judgment only by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. If the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick, 2 F.3d at 1116. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with

affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

The Clerk has given the non-moving party notice of the motion for summary judgment and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default. (Doc. no. 12.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985)(per curiam), are satisfied. The time for filing materials in opposition has expired, and the motion is ripe for consideration.

**B. Plaintiff's Negligence Claim**

Plaintiff alleges that Defendant failed to keep a proper lookout and caused her motor vehicle to strike and run over Plaintiff as he was lawfully crossing 13th Street. Defendant argues that she is entitled to judgment as a matter of law because Plaintiff presents no evidence of negligence. To prove a negligence cause of action in Georgia a plaintiff must establish:

> (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm;
>
> (2) a breach of this standard;
>
> (3) a legally attributable causal connection between the conduct and the resulting injury; and
>
> (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

Pavement Techniques, Inc. v. Myrick, 278 Ga. App. 506, 508 (2006).

Defendant testified that, as she approached the intersection under the speed limit, she saw Plaintiff and slowed her vehicle. When he entered her lane and violated her right of way, she swerved to avoid hitting him. Defendant was not using her telephone nor was she otherwise distracted. This evidence shows that, contrary to Plaintiff's allegation of negligence, Defendant was in fact keeping a diligent and watchful lookout for hazards as she traveled north on 13th Street. The Court finds that Defendant has carried her initial burden by affirmatively negating an essential element of Plaintiff's case - namely, breach. Thus, the burden shifts to Plaintiff to respond with evidence sufficient to withstand a directed verdict motion at trial on this issue.

Plaintiff urges that the occurrence of a collision at an intersection equipped with a flashing yellow caution light creates a jury question as to whether Defendant exercised the requisite caution under O.C.G.A. § 40-6-23. That statute provides that

> [w]hen a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through the intersection or past such signal only with caution.

O.C.G.A. § 40-6-23(2). However, the fact of a collision and the fact of a flashing yellow light do not show that Defendant

breached her duty of care nor do they create a presumption of negligence. Plaintiff, relying on <u>res ipsa loquitur</u> principles, fails to remedy this evidentiary deficiency.

Plaintiff also argues that there is a genuine issue of material fact as to whether Plaintiff acquired the right of way to cross 13th Street. He insists that a reasonable jury could find that he properly came to a complete stop, looked diligently for oncoming traffic, and thus momentarily gained the right of way prior to being struck by Defendant's automobile. First, Plaintiff did not properly come to a complete stop because he was on the sidewalk, not on the roadway as required by Georgia law, prior to entering the northbound lanes of 13th Street. O.C.G.A. § 40-6-291 (traffic laws apply to persons riding bicycles). Second, there is no evidence that Plaintiff looked for traffic - diligently or otherwise - before crossing the street. Third, Corporal King concluded that Plaintiff violated Defendant's right of way and Plaintiff fails to present evidence that would permit a jury to reach a contrary conclusion.

### **III. CONCLUSION**

Upon the foregoing, the Court finds that there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law.

**IT IS ORDERED** that Defendant's motion for summary judgment (doc. no. 11) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of April, 2015.

_____
Honorable J. Randal Hall
United States District Judge
Southern District of Georgia